12-3869-cr
*United States v. Paige*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand thirteen.

PRESENT:

JOSÉ A. CABRANES,
PETER W. HALL,
DENNY CHIN,
       *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

      *Appellee,*

       -v.-                              No. 12-3869-cr

JAMES PAIGE,

      *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | James M. Roth, Hurwitz Stampur & Roth, New York, NY. |
| **FOR APPELLEE:** | Carolina A. Fornos, Justin S. Weddle, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from the amended judgment, entered September 13, 2012, of the United States District Court for the Southern District of New York (Denise Cote, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the amended judgment of the District Court, entered September 13, 2012, be **AFFIRMED**, and the cause **REMANDED** for the limited purpose of allowing the District Court to amend the written judgment to satisfy the ministerial duty of entering the reasons for the sentence imposed in a statement-of-reasons form, as required by 18 U.S.C. § 3553(c)(2).

Defendant James Paige appeals the amended judgment of the District Court sentencing him to thirty-six months' imprisonment for violations of his supervised release. At the conclusion of a two-day revocation hearing, the District Court found that Paige had violated the terms of his supervised release by possessing a loaded firearm and by committing assault in the third degree, in violation of New York State Penal Law § 120.00. Paige contends that the District Court erred by (1) admitting certain out-of-court statements into evidence in violation of his rights under the Confrontation Clause of the Sixth Amendment; and (2) sentencing him in an unreasonable manner. We assume familiarity with the underlying facts and procedural history of this case.

### A. Out-of-Court Statements

As we recently explained, "[t]he Confrontation Clause prohibitions against hearsay evidence do not strictly apply" at revocation hearings and "[a] proffered hearsay statement that falls within an established exception is of course admissible in a [revocation] hearing." *United States v. Carthen*, 681 F.3d 94, 99-100 (2d Cir. 2012). Even if an out-of-court statement does not fall within an established hearsay exception, it may still be admitted in a revocation hearing if the district court finds "good cause for not allowing confrontation." *Id.* at 100 (citation and internal quotation marks omitted); *see also* Fed. R. Crim. P. 32.1(b)(2)(C).[1]

At Paige's hearing, the District Court admitted out-of-court statements based both on the "excited utterance" exception to the rule against hearsay, *see* Federal Rule of Evidence 803(2),[2] and on a finding of "good cause." We review for abuse of discretion a district court's determination that a statement is admissible as an excited utterance, *see United States v. Fell*, 531 F.3d 197, 231 (2d Cir. 2008), and a district court's finding that there exists "good cause" for admitting an out-of-court statement at a revocation hearing, *see Carthen*, 681 F.3d at 100. *See also In re Sims*, 534 F.3d 117, 132

---

[1] Specifically, Federal Rule of Criminal Procedure 32.1(b)(2)(C) provides that at a revocation hearing, the defendant "is entitled to . . . an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear."

[2] Federal Rule of Evidence 803 provides that certain statements "are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness." Included in this list are "excited utterances," defined as "statement[s] relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Fed. R. Evid. 803(2).

(2d Cir. 2008) (explaining the term of art "abuse of discretion" and noting that a district court is said to "abuse its discretion" if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions" (internal citation and quotation marks omitted)).  Any error in either of these determinations is also subject to harmless error analysis.  *See United States v. Gomez*, 617 F.3d 88, 95 (2d Cir. 2010) (hearsay errors subject to harmless error review); *United States v. Aspinall*, 389 F.3d 332, 346 (2d Cir. 2004) (failure to comply with "interest-of-justice" test of Rule 32.1(b)(2)(C) subject to harmless error review), *abrogated on other grounds by United States v. Booker*, 543 U.S. 220 (2005), *as recognized in United States v. Fleming*, 397 F.3d 95, 99 n.5 (2d Cir. 2005).

Although we are skeptical that the District Court made any error in admitting the out-of-court statements, we need not reach that issue because any error was undoubtedly harmless.  Paige argues that the District Court should not have admitted statements made to police officers by Sheyvonne Joye, the victim of his assault, and by Doris McRae, Joye's friend who witnessed the altercation.  Judge Cote specifically stated when admitting Joye's statements that even if Joye took the stand and denied that an assault occurred, the District Court would not find such testimony credible, "given the overwhelming evidence about the events of that night."  Joint App'x 148.  In other words, if the District Court had excluded the out-of-court statements and the government had called Joye, her testimony would have been either cumulative or entirely discounted for lack of credibility.  We can infer that the District Court would have reached the same conclusion as to McRae's statements.  Perhaps most importantly, we are more than satisfied that even excluding the out-of-court statements, the government's remaining evidence—including, *inter alia*, testimony by officers who observed the physical and emotional state of the victim, the 911 call, and statements made by the victim not challenged by Paige—amply proved by a preponderance of the evidence[3] that Paige assaulted Joye.[4]  In short, any possible evidentiary error committed by the District Court was harmless.

## B.  Sentencing

Paige contends that the District Court erred during sentencing by failing (1) to consider the need to avoid sentencing disparities between similarly-situated defendants; and (2) to issue a written statement of reasons for imposing an above-Guidelines sentence.  We review sentences imposed for violations of supervised release for reasonableness, "a concept that applies both to the sentence itself and to the procedures employed in arriving at the sentence." *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008) (citation and internal quotation marks omitted).  However, where, as here, the defendant failed to raise his challenges before the district court, we review the district

---

[3] An "alleged violation of supervised-release need only be proven by a preponderance of the evidence, not beyond a reasonable doubt." *Carthen*, 681 F.3d at 99-100.

[4] Paige does not challenge any evidence underlying the District Court's finding that he possessed a loaded firearm.

3

court's procedures for plain error. *Id.* at 128, 133 n.8. This standard is met when "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 130 S. Ct. 2159, 2164 (2010) (citation, internal quotation marks, and brackets omitted).

We observe no error, let alone plain error, in the asserted failure of the District Court to consider sentencing disparities. It is true that in revoking a term of a supervised release, a sentencing court must consider certain factors, *see* 18 U.S.C. § 3583(e), which include "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," *id.* § 3553(a)(6). However, "we do not require robotic incantations that the district court has considered each of the § 3553(a) factors," *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (citation and internal quotation marks omitted), and "in the absence of record evidence suggesting otherwise, we presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors," *Verkhoglyad*, 516 F.3d at 129 (citation and internal quotation marks omitted). Particularly in the context of a revocation hearing, we "take a deferential approach and refrain from imposing any rigorous requirement of specific articulation by the sentencing judge." *Fleming*, 397 F.3d at 99. Even if the District Court had committed some error by not specifically referring to sentence disparities, it would not have been clear or obvious, nor would it have affected Paige's substantial rights, and we therefore find no plain error. *See Marcus*, 130 S. Ct. at 2164.

Further, to the extent that Paige claims that the disparity he perceives between his sentence and the sentences of other defendants renders his own sentence substantively unreasonable, he has failed to make the requisite showing that his sentence constitutes a "manifest injustice," "shock[s] the conscience," or is in any other way substantively unreasonable. *United States v. Rigas*, 583 F.3d 108, 124 (2d Cir. 2009) (internal quotation marks omitted); *see also United States v. Florez*, 447 F.3d 145, 157-58 (2d Cir. 2006) ("[A] district court's identification of disparity does not necessarily require it to adjust a sentence downward from the advisory guidelines range in order for that sentence to be reasonable, much less compel any particular reduction." (internal quotation marks and citation omitted)).

Although we similarly have no reason to think that it was plain error for the District Court not to memorialize the reasons for an above-Guidelines sentence in written form, we nonetheless remand for the District Court to complete this routine task. When a district court imposes a sentence outside of the applicable Guidelines range, 18 U.S.C. § 3553(c)(2) mandates that "the specific reason for the imposition . . . must also be stated with specificity in a statement of reasons form." We have explained that the requirement of a written statement of reasons applies to sentences imposed for violations of supervised release. *See United States v. Lewis*, 424 F.3d 239, 245

4

(2d Cir. 2005).  Indeed, in *Verkhoglyad*, we addressed the omission of a written statement of reasons in the context of plain error review and reasoned that, "[w]hile such an omission in the face of sufficient oral reasons will rarely rise to the level of plain error, we have recognized it to be the better course in such circumstances to remand so that noncompliance with subsection 3553(c)(2) may be remedied."  516 F.3d at 133 (footnote and internal quotation marks omitted).  We went on to conclude that, "although we do not identify any procedural error warranting resentencing in this case, we remand solely to permit the district court to amend its written judgment to satisfy the ministerial duty to memorialize its stated reasons for sentencing as required by § 3553(c)(2)."  *Id.* at 134.  We follow the same course here.

## CONCLUSION

We have reviewed the record and the parties' arguments on appeal.  For the reasons set out above, we **AFFIRM** the amended judgment of the District Court, entered September 13, 2012, and **REMAND** the cause for the limited purpose of allowing the District Court to amend the written judgment to satisfy the ministerial duty of entering the reasons for the sentence imposed in a statement-of-reasons form, as required by 18 U.S.C. § 3553(c)(2).

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

5